Thomas Estate

*Philip D. Weiss, McTighe, Koch, Brown & Weiss,* for petitioner.

*Cassin W. Craig, Wisler, Pearlstine, Talone & Gerber,* for respondent.

TAXIS, P. J., March 11, 1969.—This petition is filed under the provision of section 208 of the Register of Wills Act of June 28, 1951, P. L. 638, which authorizes this court to reduce the time permitted for an appeal from probate from two years to six months.

This matter arises as follows: In 1954, while a resident of New York, decedent executed a will under which Harry Baumeister, respondent herein, is a residuary legatee. In 1962, decedent entered a nursing home in New York. On June 14, 1965, Harry Baumeister initiated a proceeding in New York to have her declared incompetent. On August 8, 1965, Harmon Smith, Jr., petitioner herein, brought Mary Louise Thomas to his personal residence in Narberth, Montgomery County, and on October 8, 1965, decedent executed a will in Pennsylvania leaving her entire estate to Harmon Smith, Jr. On December 21, 1965, the incompetency proceeding in New York resulted in a jury verdict adjudicating the decedent incompetent. This adjudication was later reversed on appeal for trial errors, however, and it was not until November 21, 1966, that the case was retried, again resulting in a finding of incompetence. All of decedent's property was received by the committee appointed under this declaration of incompetence, and still remains in New York in the possession of that committee. Decedent died on October 25, 1967, and five days later the Register of Wills of Montgomery County admitted the 1965 will to probate upon application of Harmon Smith, Jr. On December 26, 1967, a proceeding was commenced in New York to probate the 1954 will and also to obtain a decree determining that the 1965 document should not be probated. This proceeding (which under New York law is adversary and not ex parte) has been delayed for various reasons, and involves decedent's domicile at the time of her death as well as her testamentary capacity in 1965. By an order dated on or

about January 21, 1969, the trial court in New York directed that both of these issues be tried together.

Thus, the present posture of the matter is that the New York litigation will determine whether decedent was domiciled in New York at her death and, if so, which will should there be admitted to probate, while Pennsylvania has already probated the 1965 will, subject only to the statutory right of appeal from that action. In this proceeding petitioner seeks to require Harry Baumeister to proceed immediately with an appeal if he intends to take one, and to determine the validity of the 1965 will promptly in this court. It must be noted that presently more than 16 months of the appeal period have elapsed, and that this proceeding could at most shorten that period by 8 months. The reasons advanced in support of the petition are that Harmon Smith, Jr., although executor, is in possession of no assets, cannot proceed with his administrative duties, cannot pay debts or taxes which are due or avoid tax penalties which may soon attach, and cannot reimburse himself and his wife for funds which they expended for decedent while she lived with them. Petitioner also contends that the majority of the witnesses in the proceeding reside or are located in Pennsylvania so that litigation here would be convenient for them, and that since the Pennsylvania probate must be attacked in some way if it is not to become final, this can be done sooner as well as later. Harry Baumeister, on the other hand, points out that litigation concerning decedent and her estate has been going on continuously in New York since 1965, that all of the assets of her estate are in New York under the control of the New York court, and that the issues to be raised in an appeal from probate in Pennsylvania have already been raised and joined in New York and will be tried promptly.

Authority is scanty concerning the reasons or circumstances which should cause us to reduce the appeal period. The following is said in Pennsylvania Probate and Interpretation of Wills, Aker, sec. 3.2K: "Because no standards are set forth in the statute it is impossible to determine whether the burden is on the applicant to establish good reason why the prayer of the petitioner should be granted or whether the burden is on others to show cause why the appeal period should not be shortened. It would appear that the court has wide latitude".

We have attempted to consider the various arguments in the light of what we deem to be the purpose of the statutory provision involved. Because of the correlation between the six month provision in section 208 and the minimum period required for the administration of an estate, it seems evident that the principal purpose of the provision in question is to prevent the mere existence of the possibility of an appeal from probate from prolonging an administration for two full years. The application of the statute to such a situation is readily seen. Its possible utility in other situations during administration (for example, clearing title to real estate for purposes of sale or transfer) is also apparent. Hence, the criteria to be followed in determining whether to reduce the appeal time should be whether doing so (1) will preserve or enhance the value of assets of the estate, or (2) will avoid needless or lengthy delay in administration and distribution. In the light of the existing litigation and the presence of all of the estate assets in New York, neither of these situations appears to exist here. We do not regard the individual convenience of witnesses or the early payment of petitioner's claims as of much relevance to this precise issue.

By this, we do not condone unnecessary delay in such appeals, nor do we wish to encourage the sort of

competitive litigation on view here. However, we firmly believe in this case that shortening the appeal period is not required to protect or enhance the value of estate assets, nor would it substantially hasten the final determination of all of the matters in controversy in both states.

Accordingly, the petition is dismissed.